Citation Nr: 1536787 
Decision Date: 08/27/15 Archive Date: 09/04/15

DOCKET NO. 15-24 042 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Louis, Missouri


THE ISSUE

Entitlement to service connection for sleep apnea, claimed as secondary to service connected posttraumatic stress disorder (PTSD).


[The issue of entitlement to a rating in excess of 0 percent for bilateral hearing loss from March 21, 2005 to October 20, 2011, will be the subject of a separate Board decision].

ATTORNEY FOR THE BOARD

A. Shawkey, Counsel 



INTRODUCTION

The Veteran served on active duty from September 1970 to April 1972.

This matter comes to the Board of Veterans Appeals (Board) on appeal from a January 2013 rating decision of the Department of Veterans Appeals (VA) Regional Office (RO) in St. Louis, Missouri. 

In November 2005, the Veteran completed VA Form 21-22 (Appointment of Veterans Service Organization as Claimant's Representative) appointing Veterans of Foreign Wars of the United States (VFW) to represent him in claims filed for VA benefits. In October 2011, he completed VA Form 21-22a (Appointment of Individual as Claimant's Representative) authorizing a private attorney, D.C., to represent him in claims regarding hearing loss disability and tinnitus only. Thereafter, in January 2012, VFW filed a motion requesting to withdraw representation stating that "VFW Policy and Procedure prohibit [them] from continuing representation when the claimant has obtained an attorney notwithstanding the fact that the attorney has limited his or her representation." The Board granted the motion for good cause in March 2012 and notified the Veteran of this. The Veteran did not thereafter appoint a new representative and is thus unrepresented in this appeal. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As the title page above reflects, the Veteran is claiming service connection for sleep apnea as secondary to his service-connected PTSD. In December 2012, he was afforded a VA examination for sleep apnea. The examination report contains an opinion regarding whether the Veteran's sleep apnea is proximately due to or the result of his service connected PTSD. However, an opinion was not provided as to the possibility of aggravation of a nonservice connected disability by a service connected disability. In this regard, service connection is possible when a service-connected condition has aggravated a claimed condition, but compensation is only payable for the degree of additional disability attributable to the aggravation. Allen v. Brown, 7 Vet. App. 439 (1995). In October 2006, VA amended 38 C.F.R. § 3.310 to incorporate the Court's decision in Allen except that VA will not concede aggravation unless there is medical evidence showing the baseline level of the disability before its aggravation by the service-connected disability. 38 C.F.R. § 3.310(b). Accordingly, an addendum medical opinion must be obtained that addresses the aggravation question. 38 U.S.C.A. § 5103A(d). See Barr v. Nicholson, 21 Vet. App. 303, 311 (2007) (if an examination report does not contain sufficient detail, it is incumbent upon the rating board to return the report as inadequate for rating purposes).

Accordingly, the case is REMANDED for the following action:

1. Request an addendum opinion from the December 2012 VA examiner or, if unavailable, by a VA physician, regarding the question of secondary aggravation. The claims must be made available to the examiner for the addendum opinion. The examiner/physician should provide an opinion as to whether the Veteran's sleep apnea is at least as likely as not (50% degree of probability or higher) aggravated by service-connected PTSD. If aggravation is found, the examiner is requested to provide the baseline level of severity prior to aggravation. 

Complete rationale must be provided for any opinion offered. 

2. After the development requested has been completed, review the addendum report to ensure that it is in complete compliance with the directives of this REMAND. If the report is deficient in any manner, implement corrective procedures.

3. Thereafter, readjudicate the claim for service connection for sleep apnea, claimed as secondary to PTSD. If the benefit sought on appeal is not granted to the Veteran's satisfaction, provide him with a Supplemental Statement of the Case and afford him the appropriate opportunity to respond thereto. Thereafter, the case must be returned to the Board for further appellate review.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
H. N. SCHWARTZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).